UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVO JURISICH, | § | |
| | § | |
|   *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 13-cv-2173 |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
|   *Defendant*. | § | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Ivo Jurisich's Motion to Remand. (Doc. No. 5.) As explained below, the Court has concluded that Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has met its burden, in removing this action from state court, to show that the amount in controversy is sufficient for federal subject matter jurisdiction. Accordingly, Mr. Jurisich's Motion is **DENIED**.

    **I.    BACKGROUND**

Mr. Jurisich brought this lawsuit in connection with injuries he sustained in a February 25, 2009 automobile accident in Harris County, Texas. He claims he was struck by an uninsured motorist, and seeks recovery of "Uninsured Motorist Benefits" under his automobile insurance policy supplied by State Farm. After failing to recover benefits to his satisfaction outside of court, Mr. Jurisich filed suit in the District Court of the 80th Judicial District in Harris County, Texas in January 2013. Plaintiff's Original Petition and Requests for Disclosure at 2-3, *Ivo Jurisich v. State Farm Mut. Auto. Ins. Co. and Anne-Marie Crone*, No. 2013-04187 (80th Dist. Ct., Harris Cnty., Tex. filed Jan. 23, 2013) ("Petition"; Doc. No. 1.) Thereafter, State Farm

removed the case to this court, based on complete diversity.[1] Notice of Removal. (Doc. No. 1.) Plaintiff filed this motion seeking remand back to state court.

## II. LEGAL STANDARD

State Farm removed this case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Section 1441, which authorizes removal, provides that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Under 28 U.S.C. §§ 1332(a), federal courts have original jurisdiction over cases in which the adverse parties are citizens of different states and the amount in controversy exceeds $75,000. The removing party bears the burden of showing that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was proper, courts are to strictly construe the removal statutes in favor of remand, and any ambiguities are to be construed against removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Importantly, the jurisdictional facts must be judged as of the time the petition was filed. In addition, once jurisdiction has attached, subsequent events cannot serve to deprive the court of it. *St. Paul Reinsurance v. Greenburg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998) (internal citations omitted). Diversity of citizenship is not an issue here; the only question is whether the amount in controversy is sufficient.

---

[1] State Farm removed following the severance of the non-diverse state court defendant, Anne-Marie Crone. *See* Notice of Removal. (Doc. No. 1.) The state court severed Ms. Crone and Mr. Jurisich's extra-contractual allegations from his contractual allegations. Order for Severance and Abatement, *Ivo Jurisich v. State Farm Mut. Auto. Ins. Co. and Anne-Marie Crone*, No. 2013-04187 (80th Dist. Ct., Harris Cnty., Tex. June 25, 2013). (Doc. No. 1.) Consequently, in this case, as removed, State Farm is the only defendant and the only claims present are Mr. Jurisich's contractual claims and related damages.

The amount in controversy is determined at the time of filing the notice of removal, based on the then-existing state court petition, exclusive of interest and costs. 28 U.S.C. § 1332; *see White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *Manguno*, 276 F.3d at 723; *St. Paul Reinsurance Co.*, 134 F.3d at 1253. If a state statute provides for attorneys' fees, they are included in the amount in controversy. *Manguno*, 276 F.3d at 723. Ordinarily, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). In addition to the damages alleged, courts consider the types of claims to establish whether it is facially apparent that claimed damages exceed $75,000. *Manguno*, 276 F.3d at 723; *see Sorenson v. Ashmore*, 4 F. Supp. 2d 669, 670 (E.D. Tex. 1998).

However, the demand in the pleading will not control if "State practice . . . does not permit demand for a specific sum." 28 U.S.C. § 1446(c)(2)(A)(ii). At the time Mr. Jurisich filed his complaint, Texas law prohibited plaintiffs from specifying unliquidated damages amounts in their state court petitions. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 & n.9 (5th Cir. 2013). When the state court petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Allen*, 63 F.3d at 1335; *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("*De Aguilar II*"), *cert. denied*, 516 U.S. 865, 116 S. Ct. 180, 133 L. Ed. 2d 119 (1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) ("*De Aguilar I*"). A defendant satisfies this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotation marks omitted).

3

If the defendant meets this burden, to secure a remand the plaintiff must show that, "as a matter of law, it is certain that he will not be able to recover" the jurisdictional amount. *De Aguilar II*, 47 F.3d at 1411. The Fifth Circuit has clarified that the plaintiff's burden must be met *at the time the complaint is filed* – this analysis is not a burden-shifting one. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citing *De Aguilar II*, 47 F.3d at 1412). Nevertheless, evidence submitted post-removal may be relevant when the jurisdictional question is unclear and the evidence clarifies an ambiguous petition. "Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal." *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998); *see De Aguilar I*, 11 F.3d at 57.

### III.   ANALYSIS

Mr. Jurisich argues that, because his state court petition does not state a specific amount of damages, in order to meet its burden of showing the required amount in controversy, State Farm must be relying upon a pre-lawsuit demand letter he sent which sought $100,000, the full extent of his uninsured motorist benefits. Mr. Jurisich first contends that reliance on this demand letter is improper because it was sent pursuant to Rule 408 of the Texas Rules of Evidence, which states that evidence of "(1) furnishing or offering or promising to furnish or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount."

Second, Mr. Jurisich claims that the Texas Supreme Court's decision in *Haygood v. De Escabedo,* 356 S.W.3d 390 (Tex. 2011) restricts, as a matter of law, his recovery for past medical expenses to about $30,000. In *Haygood*, the Texas Supreme Court limited a plaintiff's recovery in situations such as this to medical expenses that "have been or will be paid, and exclude[d] the difference between such amount and charges the service provider bill[ed] but has no right to be paid." *Id.* at 396-97. Thus, Mr. Jurisich concludes, the jurisdictional amount cannot be satisfied and remand is necessary. Third, Mr. Jurisich argues that his demand letter was just that – a *demand* letter, an opening move in settlement negotiations, and should be viewed as such, and not construed as a sober assessment of the amount of damages actually at stake in his lawsuit. Finally, in a short sentence, counsel for Mr. Jurisich states plainly that, "Jurisich affirmatively states that he is not seeking damages that exceed $75,000." Mot. to Remand at 5.

State Farm replies that it has satisfied the $75,000 amount in controversy showing by a preponderance of the evidence, so remand should be denied. In support, it points to the several kinds of damages Mr. Jurisich seeks in his state court petition. State Farm also argues that Mr. Jurisich's new assertion that he is not seeking damages over $75,000 is insufficient to support remand because it was not filed with his state court petition and is not legally binding.

The Court will consider Mr. Jurisich's arguments in turn. First, neither Rule 408 of the Texas Rules of Evidence nor the applicable Federal Rule of Evidence 408 stands as a bar to the use of a demand letter to determine the amount in controversy.[2] Federal Rule of Evidence 408 prohibits the use of such a letter "to prove or disprove the validity or amount of a disputed

---

[2] The Court notes that the Texas Rules of Evidence are not applicable in this case. Even in a diversity action such as this, federal courts must apply federal procedural law, including the Federal Rules of Evidence. *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993); *see* Fed. R. Evid. 101 & 1101(a)-(b) ("These rules apply generally to civil actions and proceedings . . . ."). The Court construes Mr. Jurisich's invocation of Texas Rule of Evidence 408 as referring to its highly analogous federal counterpart, Federal Rule of Evidence 408.

5

claim." The Rule, however, is inapposite here: the letter is being used neither to prove, nor to disprove, the amount of the claim, but, rather, to show Mr. Jurisich's own assessment of the value of his lawsuit. *See Hammel v. State Farm Fire & Cas. Co.*, Nos. 06-7470, 06-9615, 2007 WL 519280, at * 4 (E.D. La. Feb. 14, 2007).

Second, Mr. Jurisich correctly explains the effect of *Haygood* on his ability to recover past medical expenses, but he provides no evidence to support his assertion that the allowable expenses will amount to approximately $30,000 only. Accordingly, the Court cannot conclude that, as a matter of law, Mr. Jurisich cannot recover more than $30,000 in past medical expenses. This alone should suffice to prevent remand. Even assuming, though, that Mr. Jurisich's past medical expenses figure is correct, the simple fact is that he does not seek past medical expenses alone, as State Farm correctly points out. Indeed, he also seeks damages for future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future loss of earning capacity, past and future physical impairment, and past and future disfigurement, as well as attorneys' fees. Pet. at 3, 6. The extent of Mr. Jurisich's injuries could very well be enough to entitle him to a damages award exceeding the requisite amount in controversy, particularly when the $30,000 of past medical expenses that he claims is included. However, because Mr. Jurisich's state court petition identifies only *categories* of damages and not the *specifics* of the injuries he alleges, it is not facially apparent from the petition that the amount in controversy exceeds $75,000.

Facts beyond the petition must then establish the jurisdictional amount. In its Notice of Removal, State Farm states that counsel for Mr. Jurisich sent a demand letter for the full $100,000 uninsured motorist benefit, including past medical bills of $95,272 and future medical bills of $11,000. While State Farm did not attach that letter to its Notice of Removal, Mr.

Jurisich did attach it to his Motion to Remand. *See* Doc. No. 5-1. Mr. Jurisich's demand letter sets forth the specifics of the injuries he sustained and the treatment they have required and will likely require in the future, along with a description of the pain and physical limitations he claims to have experienced, both at the time of the accident and since, including a rotator cuff tear, persistent back and neck pain connected to disc herniations, loss of motion in his neck, and resulting difficulty in performing work responsibilities. *Id.* at 2-3. In view of the nature of Mr. Jurisich's claims, the Court has no trouble concluding that between the roughly $30,000 of past medical expenses which Mr. Jurisich concedes, and the remaining damages sought − future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future loss of earning capacity, past and future physical impairment, past and future disfigurement, and attorneys' fees − it is more likely than not that there is at least $75,000 in controversy here. *See St. Paul Reinsurance*, 134 F.3d at 1254 (relying upon pre-suit demand letters as the "only pre-complaint evidence of Greenberg's potential claim against St. Paul"); *see, e.g.*, *Cox v. Centerpoint Energy, Inc.*, No. 14-05-01130-CV, 2007 WL 1437519 (Tex. App.—Houston [14th Dist.] May 17, 2007, no pet.) (affirming jury award of $83,865.96 following automobile accident as a result of which plaintiff complained of back and neck pain and required rotator cuff surgery.).

Third, because Mr. Jurisich is correct that a demand letter may overstate estimated damages, courts generally rely upon such letters only to demonstrate the amount in controversy when they provide a "reasonable estimate of a plaintiff's claim." *Id.* With the claims Mr. Jurisich alleges and the damages sought, the Court is satisfied that $100,000, while perhaps high, is not an unreasonable estimate of the amount in controversy. *See, e.g.*, *Mid-Continent Grp. v. Goode*, No. 07-09-0181-CV, 2011 WL 3962502 (Tex. App.—Amarillo Aug. 19, 2011, no pet.)

7

(affirming a jury award totaling $289,362.43 following an automobile accident in which plaintiff's back, neck, and rotator cuff were injured, causing pain and requiring surgery).

Finally, the Court agrees with State Farm that the statement in the Motion that Mr. Jurisich is not seeking more than $75,000 in damages is insufficient to warrant remand. In order for remand to be proper, a plaintiff must show that, "as a matter of law, it is certain that he will not be able to recover" the jurisdictional amount. *De Aguilar II*, 47 F.3d at 1411 (emphasis added). An affidavit or stipulation limiting the amount of damages sought may bind a plaintiff to recovery under $75,000, but, "'[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *Id.* at 1412 (internal quotation marks omitted) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)). Here, no such affidavit, stipulation, or other statement so limiting Mr. Jurisich's recovery to a sum below the jurisdictional amount was filed along with his state court petition. Thus, Mr. Jurisich's post-removal statement purporting to limit his recovery does not suffice to require remand.

### IV. CONCLUSION

State Farm has adequately satisfied its burden to show the $75,000 jurisdictional amount required to support removal. Mr. Jurisich's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the twenty-eighth day of February, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE